<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHAN PICHARDO, : | |
| : | **Civil Action No. 11-4975 (SRC)** |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| OFFICER BERNARD ALVAREZ, et al., : | |
| : | |
| Defendants. : | |
| : | |

<u>CHESLER, District Judge</u>

      This matter comes before the Court on the motion filed by Defendant City of Elizabeth Police Department ("Defendant" or "EPD") to compel testimony regarding communications between Plaintiff Yohan Pichardo ("Plaintiff" or "Pichardo") and his attorney in municipal court action [docket entry 20].  Plaintiff has opposed the motion.  The Court has considered the papers filed by the parties.  For the reasons that follow, the Court will deny Defendant's motion.

**I.    BACKGROUND**

      This action arises out of the August 26, 2010 arrest of Plaintiff Pichardo by Defendant Officer Bernard Alvarez of the Elizabeth Police Department.  Pichardo was charged with a disorderly persons violation and with resisting arrest.  At Pichardo's appearance before the Elizabeth Municipal Court, the prosecutor represented to the court that he had entered into an agreement with Pichardo.  The prosecutor stated that in return for Pichardo's stipulation to probable cause, the charges against him would be dismissed. He also represented that the

arresting officer assented to this agreement. The court accordingly dismissed the charges based on the prosecutor's representation.

Thereafter, in August 2011, Pichardo filed a lawsuit in the Superior Court of New Jersey alleging that Officer Alvarez had improperly restrained and arrested him on August 26, 2010 without probable cause. He also alleged malicious prosecution and excessive force. The Complaint, which was subsequently removed to this Court, pleads for relief under 42 U.S.C. § 1983 as well as under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2.

At the May 18, 2012 deposition of Plaintiff, Defendant's counsel questioned Pichardo about his stipulation of probable cause. In an attempt to explore whether the stipulation was given with the advice of counsel and whether it was knowing and voluntary, Defendant sought to elicit information regarding Pichardo's communications with the attorney who represented him in the municipal court action. Plaintiff, on the instruction of his attorney at the deposition, did not respond to this line of questioning.

Defendant now moves to compel this testimony, as well as similar testimony in an anticipated deposition of Pichardo's counsel in connection with the municipal court charges.

**II.    DISCUSSION**

Defendant argues that the attorney-client privilege does not apply to shield the testimony because Plaintiff has initiated this lawsuit, bringing claims that are predicated on the absence of probable cause. According to Defendant, Plaintiff's decision to raise the issue of probable cause precludes him from using the attorney-client privilege to shield his communications with his attorney regarding the stipulation of probable cause. Defendant's argument fails for two reasons.

First, the legal authority Defendant offers in support of its position that the attorney-client privilege should be pierced consists of New Jersey state law decisions. The Third Circuit has held, however, that in an action involving both federal and state claims, such as the case before the Court, the federal rule of privilege, rather than any state rule, shall control. Pearson v. Miller, 211 F.3d 57, 66 (3d Cir. 2000). The governing federal rule is Federal Rule of Evidence 501, which provides that evidentiary privileges are "governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Fed.R.Evid. 501. Thus, the state legal standard on which the Defendant has relied in its motion simply does not apply.

Second, Defendant has not demonstrated that the attorney-client privilege should be pierced under governing Third Circuit law. Our jurisprudence instructs that a party waives the attorney client privilege by asserting a claim that affirmatively places his attorney's advice in issue. Rhone–Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir.1994). Plaintiff's claims, premised on the lack of probable cause for his arrest and the charges filed against him, have not put his attorney's advice at issue. Rather, it is Defendant's defense against those claims, that the stipulation of probable cause is valid because it was "knowing and voluntary," which raises the issue of Pichardo's communications with his attorney. Defendant argues that because the validity of the stipulation and Pichardo's state of mind in agreeing to stipulate to probable cause are relevant, the communications Pichardo had with his attorney concerning the stipulation are in issue. This argument is unavailing. The Third Circuit has held that "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant

manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." Id.

Moreover, the Court notes that Defendant has provided an inadequate factual basis for its contention that Pichardo stipulated to the probable cause finding. The only evidence of the stipulation presented to the Court on this motion consists of the prosecutor's representations. The transcript provided to this Court gives no indication of Pichardo's presence at the municipal court proceedings in which the charges were dismissed. It would appear to the Court that to make a viable privilege waiver argument, Defendant would in the first instance have to depose the prosecutor regarding his or her conversation with Pichardo's counsel in connection with the criminal charges which provided the prosecutor with a basis for representing to the municipal court that Pichardo stipulated to probable cause.

**III.   ORDER**

For the foregoing reasons,

**IT IS** on this 7th day of August, 2012,

**ORDERED** that Defendant's motion to compel the testimony of Plaintiff and/or his counsel regarding attorney-client communications, as discussed above, [docket entry 20] be and hereby is **DENIED**.

       s/Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge