NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOHAN PICHARDO, | : |
| | : **Civil Action No. 11-4975 (SRC)** |
| Plaintiff, | : |
| | : **OPINION** |
| v. | : |
| | : |
| OFFICER BERNARD ALVAREZ, CITY OF ELIZABETH POLICE DEPARTMENT, and JOHN DOES, | : |
| | : |
| Defendants. | : |

**CHESLER**, District Judge

      This matter comes before the Court on two motions: a motion for partial summary judgment filed by Defendant Officer Bernard Alvarez ("Officer Alvarez") and a motion for summary judgment filed by Defendant City of Elizabeth Police Department ("City of Elizabeth"). Plaintiff Yohan Pichardo ("Plaintiff" or "Pichardo") has opposed Officer Alvarez's motion. The motion filed by the City of Elizabeth remains unopposed. The Court has considered the papers filed on both of these motions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny the motion brought by Officer Alvarez and grant the motion brought by the City of Elizabeth.

I.    **BACKGROUND**

      This civil rights action arises out of the August 26, 2010 arrest of Pichardo by Defendant Officer Alvarez in Elizabeth, New Jersey. In connection with the arrest, Pichardo was charged with a disorderly persons offense and also with resisting arrest. Pichardo pled not guilty to the

1

charged offenses. On February 7, 2011, proceedings in the case against Pichardo were convened in Elizabeth Municipal Court. At these proceedings, the prosecutor advised the court that she sought dismissal of the charges against Pichardo and that Pichardo would enter into a stipulation of probable cause. The record of the municipal court proceedings states as follows:

> THE COURT: Let me take a look at the file. This file shows August 26th of 2010, police officer in the performance of his duties and also being a disorderly person in public places, not guilty plea entered before me on August 27th. All right.
>
> THE PROSECUTOR: Judge, the officer was present in court and stepped out for a moment, but what we discussed is what the agreement is, that there's going to be a dismissal against the defendant with the stipulation of probable cause and the officer is accepting that.
>
> THE COURT: What's the basis of the dismissal?
>
> THE PROSECUTOR: It appears to have been a misunderstanding between the defendant and the officer.
>
> THE COURT: If you're satisfied, then I'll dismiss this based on the prosecutor's representation.

(City of Elizabeth Mot., Ex. B.)

After the municipal action was dismissed, Pichardo initiated this lawsuit in the Superior Court of New Jersey, Union County. The Complaint asserts claims under 42 U.S.C. § 1983 against Officer Alvarez for false arrest, false imprisonment, malicious prosecution and excessive force. It also asserts a § 1983 claim against the City of Elizabeth, alleging that its failure to train and supervise its police officers properly led to the incident involving Pichardo and Officer Alvarez. This action was removed to this Court on August 29, 2011, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255.

### B. Officer Alvarez's Motion for Partial Summary Judgment

Officer Alvarez seeks summary judgment on Pichardo's claims for false arrest, false imprisonment and malicious prosecution. Defendant Alvarez grounds his argument in his contention that Pichardo cannot prove a lack of probable cause, which is required to prevail on each of these claims. Defendant maintains that the record demonstrates that Pichardo stipulated

3

to probable cause in exchange for dismissal of the criminal charges against him.  The absence of proof as to this essential element, Officer Alvarez argues, warrants summary judgment in his favor.

Though Officer Alvarez properly recites the law in support of his argument, his motion must be denied because he fails to carry his Rule 56 burden of establishing that there is no genuine issue of material fact as to the existence of probable cause.  It is, indeed, well-established that an essential element of a § 1983 claim for false arrest and/or false imprisonment is that the police lacked probable cause to make the arrest.  See Dowling v. City of Phila., 855 F.2d 136, 141-42 (3d Cir. 1988) (affirming district court's grant of summary judgment in favor of the defendant on a § 1983 false arrest claim, observing that the record of municipal court criminal proceedings showed that there was probable cause to arrest the plaintiff and plaintiff failed to produce evidence which would demonstrate a lack of probable cause); Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (holding that a false imprisonment claim under § 1983 requires a lack of probable cause for the arrest associated with the allegedly unconstitutional detention).  A malicious prosecution claim under § 1983 also requires that a plaintiff "show that the officers lack probable cause to arrest [the plaintiff]."  Wright v. City of Phila., 409 F.3d 595, 604 (3d Cir. 2005).  Moreover, Defendant Alvarez correctly argues that summary judgment is mandated where there is a complete lack of evidence concerning an essential element of a claim on which the nonmoving party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.  Against this legal background, Officer Alvarez raises the municipal prosecutor's February 7, 2011 colloquy with the court, arguing that it establishes that Pichardo entered into a stipulation of probable cause in return for the dismissal of charges against him.  Thus, Officer Alvarez argues, no reasonable jury could find that Officer Alvarez lacked probable

cause to arrest Pichardo and/or to cause criminal charges for disorderly conduct and resisting arrest to be filed against him. The factual record, however, is not entirely clear on this material fact.

The prosecutor's statement to the court does not unequivocally establish the existence of probable cause, or put in terms of this motion, demonstrate that no reasonable jury could find that Pichardo was arrested and charged without probable cause. The prosecutor does not represent to the municipal court that Pichardo entered into a stipulation of probable cause; rather, the prosecutor states that he discussed with "the officer" (presumably, arresting officer Defendant Alvarez) that there is an agreement "that there's going to be a dismissal against the defendant [Pichardo] with the stipulation of probable cause and the officer is accepting that." The transcript of the municipal court proceedings does not reflect any express assent by Pichardo, or his counsel on his behalf, to a stipulation of probable cause or confirmation that he agreed to enter into such a stipulation as a condition of dismissal.

Officer Alvarez indicates that the attorney who represented Pichardo in the municipal court proceedings confirms in her deposition testimony that the prosecutor's agreement to drop the charges against Pichardo involved a stipulation of probable cause. Again, the record is not as clear on this matter as Officer Alvarez argues in his motion. The attorney, Meredith Solvibile, testified that she discussed dismissal of the charges with the prosecutor and, with respect to the stipulation, advised the prosecutor that she would have to consult with her client. While Ms. Solvibile testified that a stipulation of probable cause is a standard term of an agreement to dismiss charges and acknowledged that she, on behalf of her client, and the prosecutor ultimately reached an agreement, this testimony does not provide incontrovertible evidence of a valid

5

stipulation actually entered into by Pichardo.  Pichardo, in fact, disputes that he agreed to such a stipulation.

In short, the linchpin of the summary judgment motion brought by Officer Alvarez is Pichardo's entry into a stipulation of probable cause for his arrest and related criminal charges, but the evidence presented in support of this key fact is insufficient to meet Defendant's Rule 56(a) burden.  Without evidence of Pichardo's express stipulation, either orally or in writing, that there was probable cause for his arrest and charges, and in light of the fact that the Court must view the evidence as to the terms of the dismissal agreement in the light most favorable to the non-moving party, the Court cannot conclude that a reasonable jury could not find a lack of probable cause. Accordingly, Officer Alvarez's motion for partial summary judgment, on Plaintiff's § 1983 claims for false arrest, false imprisonment and malicious prosecution, will be denied.

### C. City of Elizabeth's Motion for Summary Judgment

The § 1983 claim against the City of Elizabeth is premised on the seminal decision in Monell v. New York City Department of Social Services, in which the Supreme Court held that a municipality may not be liable for the misconduct of its police officers under the doctrine of respondeat superior.  Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Rather, under Monell and its progeny, to hold a municipality liable under § 1983, a plaintiff must establish that the alleged constitutional violation occurred as a result of a municipal policy officially adopted by the governing body or informally adopted by custom.  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  The plaintiff must prove "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Brown v. Muhlenberg Township, 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton, Ohio v.

Harris, 489 U.S. 378, 385 (1989)).  Regarding the proof necessary to establish a policy or custom, the Third Circuit has held as follows:

> A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

Beck, 89 F.3d at 971 (quoting Andrews v. City of Phila., 895 F. 2d 1469, 1480 (3d Cir. 1990)).

Defendant City of Elizabeth argues the record is devoid of evidence that would permit a reasonable factfinder could conclude that it is liable under § 1983 and Monell.  The Complaint avers that the City of Elizabeth is liable for Officer Alvarez's alleged constitutional violations in connection with Pichardo's arrest based on the municipality's failure to train, supervise and discipline its officers properly in connection with the performance of their duties.  The Supreme Court has held that while a "city can be liable under § 1983 for inadequate training of its employees," "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to trains amounts to deliberate indifference to the rights of persons with whom police come into contact."  City of Canton, 489 U.S. at 388. "Deliberate indifference" requires proof that a city's policymakers are on notice that its training program causes constitutional violations yet fail to take action to improve or alter the program so as to prevent those violations from occurring.  Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011).  The Supreme Court has held that it is a "stringent standard of fault," ordinarily requiring a pattern of similar constitutional violations to demonstrate the deliberate indifference necessary to trigger municipal liability.  Id. (citing Bryan County v. Brown, 520 U.S. 397 (1997)).

Defendant is correct that Plaintiff presents no evidence of inadequate training or supervision by the City of Elizabeth, much less evidence that it has failed to train and supervise

7

its officers with deliberate indifference to the rights of individuals to the constitutional protection against excessive force by police officers and/or to protection against arrests made without probable cause, the violations which Plaintiff contends Officer Alvarez committed.  Moreover, as Defendant points out, there is also a lack of evidence that any such policy or custom involving inadequate training – assuming one could be established – was causally linked to the alleged misconduct by Officer Alvarez.  Plaintiff has not opposed the motion filed by the City of Elizabeth and thus has failed to rebut the City of Elizabeth's adequate demonstration, pursuant to Rule 56(a), that there is no genuine issue of material fact as to the § 1983 claim against it.  Summary judgment in favor of Defendant City of Elizabeth will be granted.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Officer Alvarez's motion for partial summary judgment and grant the motion for summary judgment filed by the City of Elizabeth.  An appropriate Order will be filed.

>     s/ Stanley R. Chesler
> STANLEY R. CHESLER
> United States District Judge

Dated: January 12, 2015